## ESTATE OF BERNARD BURNS.

### No. 7476—Jan. 17, 1878.

HOMESTEAD.—WIDOW, SOLE MEMBER OF FAMILY.—UNIMPROVED LOT.—ACCOUNT.—NON-RESIDENTS.—NOTICE.

The widow, (who was also administratrix), applied January 26, 1877, to the Court, and had allotted to her, as a homestead, a lot of unimproved land worth less than $4,000, which had never been used as a residence, there being no children; and the heirs, brothers and sisters of deceased, non-residents.

Subsequently, July 16, 1877, a non-resident sister of deceased applied to have the order vacated. The application was denied.

Thereafter, the non-resident heirs applied to have the homestead property, which was the only real estate of decedent, and was claimed by them to be separate estate, included in the accounting of the administratrix. This was also denied, the heirs not making any showing of additional receipts by administratrix.

Construing section, C. C. P. 1465; affirmed, January Session, 1880.

*M. C. Hassett,* for widow.

*F. A. Berlin,* for heirs.

The widow, Lizzie Burns (she being also administratrix), filed her petition January 19th, 1877, asking that a parcel of land, valued in the inventory and appraisement at $3,500, be set apart to her as a homestead, alleging that decedent, in his lifetime (he died Dec. 8th, 1876), had not selected and recorded any homestead.

On the 26th of January, 1877, the Court entered a decree finding that notice of the hearing on the petition had been given; that the family of the deceased consisted only of the widow; that she had no separate estate of her own; and that the parcel of land in question did not exceed $4,000 in value; and set the same apart to the use of the widow, the same not to be subject to further administration. The parcel constituted all decedent's real estate.

On the 14th of July, 1877, Ann Gordon, a sister of decedent, and one of the heirs to his estate, non-resident, filed a petition setting forth that the property set apart to the widow was his separate estate; that the lot had never been improved or used as a residence by deceased, who resided in another part of the city; that all the heirs of deceased, save the widow, were non-residents; and by reason thereof, had no notice whatever of the application; that no attorney was appointed to represent them at the hearing; that the widow was not head of a family and therefore was not enti- tled to a $5,000 homestead; and further, alleging that the Court could not have known, at the hearing, the true status of the property.

Petitioner asked, therefore, that the decree allotting the homestead should be vacated.

The widow demurred to the petition on the ground that after making the order, the Court lost jurisdiction; and that no appeal had been taken;

That the motion to vacate had not been made within the time prescribed;

That the homestead having once been set aside, it was not subject to further administration.

The demurrer was sustained, for that, the petition of Ann Gordon to vacate the homestead decree did not state facts sufficient to entitle the petitioner to the relief prayed.

On the 17th of January, 1878, the non-resident heirs filed a petition setting forth the facts of administration; the settlement of an account; the distribution of personalty; and asking that the homestead, as separate estate of decedent, be included in the accounts of administratrix and be made subject to distribution, the same not being proper subject

of a homestead decree; also, that widow render further account of personalty.

The Court declined to compel the administratrix to file any additional account as to personalty (unless the heirs could show further receipts by the administratrix), or to disturb the homestead proceeding; and on motion for a new trial, the same was denied.